IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAY R. HARDING, SR. #13139 | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  ELH-12-3388 |
| | * | |
| GARRETT COUNTY DETENTION CENTER | * | |
| WARDEN ROB CORLEY | * | |
| MAJOR TERRI SHLOSNAGGLE | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM

Jay R. Harding, Sr., an inmate at the Garrett County Detention Center, filed suit against the defendants under 42 U.S.C. § 1983, alleging violations of his right of access to the courts. As Harding's prison account statement (ECF 4) shows a negative balance, his motion to proceed in forma pauperis (ECF 2) will be granted.

Harding has also filed a Motion to Amend Complaint and Motion for Preliminary Injunction (ECF No. 4).  The motion shall be granted in part and denied in part.  In particular, plaintiff is granted leave to amend the complaint.  However, Harding has failed to satisfy the preliminary injunction standard set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).  Therefore, preliminary injunctive relief will be denied.

Moreover, after reviewing the complaint as supplemented, the court finds it appropriate to dismiss this case, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because it fails to state a claim on which relief can be granted.

**BACKGROUND**

Harding alleges: "After the filing of a medical claim against this facility and knowing I had court cases to file, the Warden and Administration removed the computer who's [sic] only use is obtaining case logs claiming there [sic] are broke, law library has no books to argue merits on for any inmates and never has now I am told envelopes as of today are limited to 4 per week for indigent inmates whether for personal or legal use I feel this is only due to retaliation of several indigent inmates filing cases pertaining to several civil rights violations." ECF 1 at 8. As relief, Harding seeks improved library resources, highlighters, access to a printer and photocopier, transfer to another facility, and damages of $1,500,000 "for the blocking of [his] need to file civil suits in district and circuit courts" and "the emotional stress from blocking me…." ECF 1 at 8; *see also* ECF 4 at 3.

Harding claims the computer in the law library was removed in retaliation for filing civil suits. However, he also asserts that the computer was removed for one month for repair after it was damaged. Although the Detention Center blamed inmates for causing the damages, Harding asserts a prison guard "actually pulled the insides of the computer out." ECF 4 at 4. Additionally, he complains the four sheets of paper and four envelopes provided to him every week as an indigent inmate are insufficient for him to file complaints to "grievance commissions, ACLU and other state agencies, contact the media, Dept. of Parole and my family." *See id*. Harding indicates that he has a post-conviction petition pending in the Circuit Court for Garrett County, and a civil rights complaint in this court. ECF 4 at 4.[1] Notably, Harding does not

---

[1] *See Harding v. Conmed Healthcare Management*, Inc., et al., Civil Action No. 12-3249. Harding's state petition for post-conviction relief challenging his violation of probation, pending

identify any missed court deadlines or actual injury suffered as a result of the allegations presented here.

## DISCUSSION

The court is required to screen prisoner complaints filed in forma pauperis and dismiss claims that fail to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also Neitzke v. Williams*, 490 U.S. 319, (1989) (stating that claims that fail to state a claim may be dismissed *sua sponte*). In undertaking this review, this court is mindful that it must liberally construe documents filed by self-represented litigants. *See, e.g., Estelle v. Gamble*, 429 U.S. 97 (1976); *Erikson v. Pardus*, 551 U.S. 89, 94, 127 (2007). But, even under this less stringent standard, the complaint, as amended, is subject to summary dismissal.

To be sure, prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). Nevertheless,

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996).

The right of access to the courts is the right to bring to court a grievance that the inmate wished to present and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Id*. at 350–53, (1996). In order to present a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify

---

before the Circuit Court for Garrett County, is Case No. 11K10004641. *See* http://casesearch.courts.state.md.us

with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir.1996). "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) quoting *Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Id*. at 349. Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Lewis*, 518 U.S. at 353–55.

In this case, Harding has not furnished any facts or evidence to establish that he has suffered harm in a pending or planned court action; he does not claim to have missed court deadlines or suffered actual injury as a result of the matters alleged. His anticipatory and conclusory allegations fall far short of stating a claim of constitutional dimension. Consequently, this case will be dismissed. *See Cochran*, 73 F.3d at 1317 (finding dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury). Accordingly, this case will be denied for failure to state a claim upon which relief can be granted. A separate Order follows.


December 26, 2012                                  /s/
                                    Ellen Lipton Hollander
                                    United States District Judge